# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH A. BOHMAN,

                Plaintiff,

v.

DR. BAYNTON, MS. DITTMAN, WARDEN, JANE DOES NURSES, SECURITY DIRECTOR, and NURSE N.P.,

                Defendants.

Case No. 17-CV-930-WED-JPS

**ORDER**

      Plaintiff Joseph A. Bohman, who is incarcerated at Columbia Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that, while incarcerated at Dodge Correctional Institution, the defendants violated his constitutional rights. (Docket #1). Plaintiff paid the $400 filing fee on July 19, 2017.

      This case is currently assigned to Magistrate Judge William E. Duffin. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to this Court for the limited purpose of screening the complaint. The case will be returned to Magistrate Judge Duffin after entry of this order.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (*citing Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that in September 2013, he had an appointment with defendant Dr. Baynton ("Baynton"). (Docket #1 at ¶ 15). Plaintiff states that he told Baynton that his stomach hurt, he had severe chest pain, he was feeling bloated and constipated, he had trouble swallowing, he was coughing up blood, and had blood in his urine and stool. *Id*. at ¶¶ 16, 40. Plaintiff alleges that, after doing the usual tests such as checking his blood pressure, Baynton told Plaintiff he could not do much for him and suggested Plaintiff buy some acid reflux medication from the canteen. *Id*. at ¶¶ 17, 42.

Plaintiff asserts that he suffered these symptoms for three more months, until December 15, 2013, when he was in so much pain and was coughing up so much blood that he went back to health services. *Id.* at ¶ 19. Plaintiff saw Baynton again and told him about his symptoms. *Id.* Baynton sent Plaintiff to Waupun Memorial Hospital for immediate treatment. *Id.* at ¶ 20.

Plaintiff states that a doctor at Waupun Memorial Hospital told him that his condition was very serious and suggested that Plaintiff be sent to the University of Wisconsin Hospital in Madison. *Id.* at ¶ 21. Plaintiff states that he stayed at the University of Wisconsin Hospital for ten days and lost twenty-five pounds. *Id.* at ¶ 24.

Plaintiff explains that he had a build-up of a bacteria called "syndome" around his stomach and esophagus, which caused muscle weakness. *Id.* at ¶ 26. As a result, fluid and food were able to flow back into his esophagus. *Id*. Left untreated, Plaintiff could suffer severe consequences such as pain, bleeding, or trouble swallowing. *Id.* Plaintiff asserts that the doctor attributed Plaintiff's condition to his large consumption of soy while incarcerated and ordered that Plaintiff be given a special, no-soy diet. *Id.* at ¶¶ 27-28.

Plaintiff states that, once he returned to Dodge Correctional, he was initially given a no-soy diet tray, but eventually he began to receive food containing soy. *Id.* at ¶ 29. Plaintiff asserts that he started to experience the same symptoms: coughing up blood, feeling bloated, and constipation. *Id.* at ¶ 30. According to Plaintiff, his doctor from the University of Wisconsin Hospital then wrote a letter to health services, and Plaintiff was given no-soy diet trays. *Id.* at ¶ 32. Eventually, however, he once again began to receive food containing soy. *Id.* at ¶ 33.

Plaintiff's symptoms returned, so he contacted the health services manager, defendant Beth Dittman ("Dittman") "many times" and asked her for help. *Id.* at ¶¶ 35, 51. Plaintiff states that she did nothing to help him. *Id.* Plaintiff also asserts that he saw many nurses who, despite his severe symptoms, gave him "the run around" before scheduling him to see Baynton. *Id.* at ¶ 54. He also alleges that they should have taken "matter[s] into their own hand[s]" to get him help. *Id.* at ¶ 54.

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). There is no supervisory liability, collective liability, or vicarious liability under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 878 (7th Cir. 1992). In other words, supervisors are not liable for the errors of their subordinates and individuals are not liable for the errors of their co-workers. *Id.* With respect to any claim or claims a plaintiff advances in his complaint, he must identify the individual defendant and explain what that individual did or did not do to violate his constitutional rights.

With the foregoing in mind, the Court will dismiss the Warden, the Security Director, and Nurse N.P. as defendants. Plaintiff alleges that these individuals had general responsibility for inmates' health and safety, but he does not allege that he had personal contact with them or that Plaintiff notified them that he was not receiving adequate care. While he generally asserts that, "The rest of the Defendant[s] was apart of the matter and have full understanding and knew of Plaintiff Serious Medical Condition and need for Treatment," Plaintiff's complaint does not include

sufficient factual matter to allow the Court to reasonably infer that this conclusion is true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, plaintiff may not proceed against any of the defendants in connection with his allegations that he was given food containing soy in violation of a doctor's orders, because he does not specify which defendant (if any) was responsible for providing him with soy-free diet trays. As the Court explained, there is no collective or vicarious liability under § 1983.

The Court will, however, allow Plaintiff to proceed on Eighth Amendment deliberate indifference claims against Defendants Baynton, Dittman, and Jane Doe Nurses. Prison officials violate the Eighth Amendment when they know of a substantial risk of serious harm to inmate health or safety and they either act or fail to act in disregard of that risk. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Plaintiff's allegations that he informed these Defendants of his serious symptoms and they either ignored him or delayed in obtaining treatment for him are sufficient for him to proceed at this time. The Court will also allow Plaintiff to proceed on a state-law medical malpractice claims against these Defendants.

Assuming Baynton and Dittman respond to Plaintiff's complaint, the Court will enter a scheduling order setting deadlines for the parties to complete discovery and file dispositive motions. After the Court enters the scheduling order, Plaintiff may serve discovery requests (written questions or requests for documents) on the named Defendants' attorney(s) in an effort to identify the real names of the Doe defendants. Once he knows the Doe defendants' real names, he should file a motion asking the Court to substitute the real names for the Doe placeholders.

Again, Plaintiff should not serve any discovery requests upon the named Defendants' attorney(s) until *after* the Court enters a scheduling order.

Accordingly,

**IT IS ORDERED** that Defendants Warden, Security Director, and Nurse N.P. be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants Baynton and Dittman;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants Baynton and Dittman shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions;

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1st day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge